LEWIS S. WHEELER AND DRUSILLA WHEELER, AS EXECUTORS, ETC, OF SYLVESTER WHEELER, DECEASED, PLAINTIFFS, *v.* BOBERT C. BENEDICT AND ALBERT M. FULTON, DEFENDANTS.

*Right of a surety to compel a creditor to sue the principal debtor — in order thereby to release the surety the solvency of the debtor must be shown — estoppel in pais — to render it available the party must show injury resulting from having acted upon it.*

Where a surety seeks to escape liability by reason of a request made to the creditor to sue the principal debtor, and the subsequent neglect of the creditor to collect the debt, he must show that at the time of the request the debtor was solvent and able to pay the debt, and that he thereafter became insolvent and unable to pay it.

In May, 1879, the defendant, a surety upon a note given by two other persons, dated February 27, 1877, and payable one year after date, requested the holder thereof, the plaintiffs' testator, to sue the makers. In January, 1880, the defendant asked the testator if he had collected the note, reminding him that he had been required to do so the previous spring. The testator then said that he had seen the principal debtor, who had said that he was good; that he, the testator, thought he would let it stand; that the defendant then said: "Then I suppose I am released as surety?" and the testator said "yes, I do not consider you are holden for it."

*Held,* that in the absence of evidence tending to show that the debt could then have been collected, or that the defendant was then ready to pay the note and collect the debt from the debtor, and was induced by the said remark of the testator to refrain from so doing, the said statement did not estop the testator from subsequently maintaining an action against the surety to collect the amount due upon the note.

*Kingsley* v. *Vernon* (4 Sand., 361), distinguished.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict had been directed in favor of the plaintiff at the circuit.

The action is upon a promissory note executed by R. C. Benedict and James H. Strong, as principals, and by the defendant, A. M. Fulton, as surety, to Sylvester Wheeler, the plaintiff's testator, dated February 27, 1877, for $600, payable one year after date. In the month of May, 1879, Fulton demanded of Wheeler, the owner of the note, that he should collect the same from the principal debtors. Wheeler made no effort to collect the note, and

on the 3d day of January, 1880, Fulton again called upon Wheeler, when the latter said to him that he had had an interview with Benedict and was satisfied that he was good. Wheeler continued to hold the note until he died, in the spring of 1884. On March 12, 1881, Strong and Benedict, the principal debtors, failed in business and made a general assignment. The assets paid less than twenty per cent of the liabilities.

*Butts & Merritt,* for the plaintiffs.

*T. F. Bush,* for the defendants.

Learned, P. J.:

When a surety would escape liability by reason of request to the creditor to sue the principal debtor and subsequent neglect, I think he must also show that the principal debtor was solvent and able to pay the debt at the time of the request, and that he has since become insolvent and unable to pay. (*Colgrove* v. *Tallman,* 67 N. Y., 99.) The doctrine is questionable enough, even with that qualification. (*Hunt* v. *Purdy,* 82 id., 486 ; see, also, *Marsh* v. *Dunckel,* 25 Hun. 167.) The ground of this defense must be the loss which the surety has actually sustained, and loss must be shown.

In the present case the request to sue was in May, 1879. Thus we have proof of an assignment by the principal debtor in April, 1881, under which the assignee paid less than twenty per cent. Now we do not see how the condition of the principal debtor, two years after the notice was given, can be proof that he was solvent at that former date. What property he then owned and what debts he then owed do not appear. Some deeds were given in evidence of an earlier date. But, without proof of the ratio between debts and liabilities, the mere fact that a person has a title to some land shows little or nothing. The defendants' counsel, however, urges another view. The testimony is that Fulton, the surety, in January, 1880, asked Wheeler if he had collected the note, reminding him that he had been required to do so the previous spring ; that Wheeler said he had seen the principal debtor and that such debtor said he was good ; and that he, Wheeler, thought he would let it stand ; that Fulton then said : " Then I suppose I am released as surety," and Wheeler said : " Yes, I do not consider you

are holden for it." By this conversation and statement the defendant claims that Wheeler is estopped. There is no evidence that Fulton was ready to pay the note, or that by the remark of Wheeler he was induced to refrain from paying it and then collecting the amount from the principal; or that he could then have collected the amount from the principal if he had himself paid Wheeler.

In *Kingsley* v. *Vernon* (4 Sandf., 361), relied on by counsel, the indorser of a bill, on going to pay it, was informed by the holder that it had been paid, and by such information he was prevented from paying the bill and then collecting it. It could have been collected at that time from the acceptor, who afterwards became insolvent. Held, the indorser was discharged. Of the same character is *Harris* v. *Brooks* (21 Pick., 195).

Take the definition of estoppel in *Muller* v. *Pondir* (55 N. Y., 334), and it will be seen that one element must be that the statement has influenced and induced action (or we may also say, prevented action), from which loss and injury will accrue if a retraction is allowed. Here, then, the defendant fails. He does not show that the statement induced or prevented action, nor does he show that loss or injury would accrue. The defendant's counsel insists that it is to be presumed that loss or injury would accrue, relying on the principle of *Knights* v. *Wiffen* (L. R., 5 Q. B., 660. But there is a difference. In that case the defendant had sold barley to M.; not delivered or paid for. M. sold part to the plaintiff, who paid M. therefor, and received a delivery order, which was presented to the defendant. He said it was all right and he would deliver. M. became bankrupt without having paid defendant, and defendant refused to deliver to plaintiff. It was enough that defendant had acknowledged plaintiff's right to the barley; and defendant was estopped. For it was said that, if defendant had not acknowledged plaintiff's right, plaintiff would at once have sought a remedy against M. Similar to this is *Voorhees* v. *Olmstead* (66 N. Y., 113).

But the present case is different. Even if Wheeler had not said to Fulton, " I do not consider you holden for it," it is by no means certain that Fulton would have then paid Wheeler and sued Benedict. He could secure himself only by first paying Wheeler. After such payment he could sue Benedict. And he does not show, nor are we to presume, that by reason of Wheeler's statement,

he neglected to take the steps which, at that time, might have saved him from loss. This is quite different from the case of a man who buys and pays for personal property, and when he endeavors to get. possession learns that the vendor has no title. He is in a condition: at once to sue the vendor. Fulton could not sue Benedict until he had himself paid Wheeler, and this there is no proof that he was ready to do.

We think, therefore, that without further proof than was given, the statement of Wheeler was not an estoppel, and that the defendant does not bring himself within the principle of *Kingsley* v. *Vernon*.

Motion for new trial denied and judgment ordered for plaintiff on verdict, with costs.

Present — LEARNED, P. J.; BOCKES and LANDON, JJ.

So ordered.